IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JASON SHANNON STEWART and                                                           PLAINTIFFS
ROBERT JASON DILLARD

v.                      Civil No. 4:19-CV-04127 (consolidated with 4:19-CV-04128)

JANA TALLENT, *et. al.*                                                              DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Second[1] Motion for Summary Judgment. (ECF No. 50).

### I. BACKGROUND

Plaintiffs both filed their Complaints on October 1, 2019. Both allege that September 8, 2019,[2] Defendants permitted officers to come back into the cells with inmates while still wearing their firearms. They allege that the officers did so despite a sign clearly prohibiting firearms in that area, and thereby placed the lives of all inmates in danger. (4:19-cv-4127 ECF No. 1 at 8-9; 4:19-cv-4128 ECF No. 1 at 8-13). Plaintiffs proceed against all Defendants in both their official

---

[1] This is the second motion because the first motion was filed prior to the consolidation, and the amended post-consolidation motion failed to include referenced exhibits.

[2] Defendant Stewart wrote September 19, 2019 on his Complaint form as the date of the incident, but his supporting inmate request forms are all prior to that date, so he appears to have misunderstood what he was being asked to provide on the form. (4:19-cv-4127 ECF No. 1). Plaintiff Dillard consistently indicated that the date was September 8, 2019. (4:19-cv-4128 ECF No. 1).

1

and personal capacities. (*Id*.). They both seek compensatory and punitive damages. (4:19-cv-4127 ECF No. 1 at 13; 4:19-cv-4128 ECF No. 1 at 14).

On June 3, 2020, the Court granted Defendants' Motion to Consolidate the cases, with 4:19-cv-04127 designated as the lead case. (ECF No. 29).

Defendants filed their Second Motion for Summary Judgment on August 28, 2020. (ECF No. 50). Plaintiff Dillard filed his Response on November 16, 2020. (ECF Nos. 58, 59). Plaintiff Stewart failed to file a Response, and mail sent to him has been returned as undeliverable. (ECF Nos. 13, 35, 54, 62). The analysis will, therefore, only address Plaintiff Dillard's arguments.

Defendants filed a Motion for Extension of Time to file a Reply on November 17, 2020. (ECF No. 60). This Motion was granted that same day, and the deadline for the Reply was set for December 1, 2020. (ECF No. 61). To date, Defendants have not submitted a Reply.

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is

2

insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  ANALYSIS

Defendants argue that summary judgment in their favor is appropriate because: (1) the officers did not wear their firearms into a prohibited area; (2) Plaintiff's Fourteenth Amendment substantive due process rights were not violated; and (3) Plaintiff's do not allege that any harm occurred to Plaintiffs or any bystander.  (ECF No. 51).

Plaintiff Dillard argues that the officers wore their guns into the cell area, and points to the missing video footage as evidence.  (ECF Nos. 58 at 1-4, 59 at 2-3).

In the absence of video footage, the Court must take Plaintiff's assertion that the officers wore their holstered firearms into the inmate cell area as true.  This fact alone, however, is insufficient to survive the summary judgment motion.

The Fourteenth Amendment right to substantive due process protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them.  *Norris v. Engles*, 494 F.3d 634, 637 (8th Cir. 2007).  Under the Fourteenth Amendment, a state has a duty both to protect those in its custody and those who are subjected to state-created-dangers.  *Field v. Abbott*, 652 F.3d 886, 890 (8th Cir. 2011).  To succeed on a state-created-danger claim, a Plaintiff must prove:

> (1) that she was a member of "a limited, precisely definable group," (2) that the municipality's conduct put her at a "significant risk of serious, immediate, and proximate harm," (3) that the risk was "obvious or known" to the municipality, (4) that the municipality "acted recklessly in conscious disregard of the risk," and (5) that in total, the municipality's conduct "shocks the conscience."

*Id*. at 891.

Whether conduct shocks the conscience is a question of law. *Terrell v. Larson,* 396 F.3d 975, 981 (8th Cir. 2005) (en banc). "Only a purpose to cause harm unrelated to the legitimate object of the government action in question will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 898 (8th Cir. 2020) (quoting *Folkerts v. City of Waverly*, 707 F.3d 975, 981 (8th Cir. 2013) (emphasis removed)). While deliberate indifference may be sufficient in very limited circumstances, *Fields*, 652 F.3d at 891, "[m]ere negligence can never be conscience-shocking and cannot support a claim alleging a violation of substantive due process rights." *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005).

Here, Plaintiff Dillard failed to either allege or provide summary judgment evidence that Defendants intended to cause harm. He further failed to allege or provide summary judgment evidence that any inmate was actually harmed when the officers entered the cells on one occasion wearing their holstered firearms. As noted by Defendants, there is no summary judgment evidence that "the weapons were drawn, that the weapons went off, that the weapons fell from the holster, that any defendant drew their weapon, or that any harm was done to Plaintiffs or any bystander." (ECF No. 51 at 3). At most, Defendants were negligent, which cannot support a claim of constitutional violation.[3]

Nor does the fact that the officers allegedly ignored a sign which prohibited firearms in the cells rise to the level of a constitutional violation. It is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v.*

---

[3] To the extent that the claim could be construed as an Eighth Amendment failure to protect, the lack of any actual physical injury bars that claim as well. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (compensable Eighth Amendment claims require more than *de minimis* injuries.)

*Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no federal constitutional liberty interest in having ... prison officials follow prison regulations"); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983 liability for violating prison policy").

### IV.  CONCLUSION

Accordingly, I recommend that Defendants' Second Motion for Summary Judgment. (ECF No. 50) be GRANTED and Plaintiffs' claims be DISMISSED WITH PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of January 2021**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE